## Commonwealth v. Wenz

*B. B. Naef*, for Commonwealth.
*Groman & Rapoport*, for defendant.

HENNINGER, P. J., September 21, 1953.—On February 17, 1953, defendant was halted by a State policeman for violating the speed laws and on February 20, 1953, Justice of the Peace Charles F. Guldin issued a summons for this violation, but no hearing was held before Squire Guldin's death on March 18, 1953. Hallie S. Guldin, widow of Charles F. Guldin, turned Squire Guldin's docket over to Allen Leibensperger, the other justice of the peace in Lower Macungie Township, where the violation occurred.

Over the protest of defendant, Squire Leibensperger held a hearing on June 26, 1953, found defendant guilty and fined him $10 and costs, whereupon defendant took this certiorari to this court, challenging Squire Leibensperger's right to hear the charge made before Squire Guldin.

Defendant makes three points: (1) There is no authority for the legal representatives of a deceased justice of the peace to turn over his dockets to a neighboring justice; (2) Hallie Guldin, when she turned over the dockets, was not the legal representative of Squire Guldin; (3) Squire Leibensperger was not the nearest available magistrate under The Vehicle Code.

We are not impressed by the second and third reasons. If Squire Leibensperger succeeded to the rights of Squire Guldin and actually received his dockets, we would not be concerned with how he got possession of them. While a widow is not ipso facto a legal representative, we believe that in the Act of February 20, 1833, P. L. 52, sec. 1, 42 PS §981, requiring the legal representative of a deceased justice to deliver his dockets to "some neighboring justice", the emphasis is on the duty imposed on the legal representative to turn over the docket and not upon the person through whom it was received if it was actually delivered.

Since the prosecution was instituted before the "nearest available magistrate" as required by section

1201 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §731, the superseding magistrate would have had the right to continue the prosecution, if there were authority for such transfer of jurisdiction. Furthermore, he would become the nearest available magistrate within the municipality when Squire Guldin by his death became unavailable.

We are convinced, however, that the transfer of the case from Squire Guldin to Squire Leibensperger was without authority in law. Beside the fact that the Act of 1833, supra, seems to refer to civil rather than to criminal jurisdiction, it has been held (Regle v. Nugent, 2 Parson's 297; Koons v. Headley, 49 Pa. 168), that the Act of 1833 has been repealed by implication by section 6 of the Act of April 21, 1846, P. L. 432, 42 PS §984, which reads as follows:

"So much of the tenth section of the act of June 21, 1839, entitled 'An act providing for the election of aldermen and justices of the peace', as provides for the delivery of the dockets and papers of an alderman or justice of the peace, to his successor in office, shall be, and the same is hereby deemed and construed to extend to all cases of succession in office, whether by death, resignation, removal or otherwise; and in case of the decease of any alderman or justice of the peace, the said delivery shall be made by his legal representative to the person who is or may be elected and commissioned to succeed him in said ward, borough or township."

This decision may cause some difficulties in cases like this where there is a 15-day limitation of actions, but the legislature has prescribed a method and that method must be followed.

Now, September 21, 1953, defendant's exception to the record of Justice of the Peace Allen Leibensperger in this action is sustained and the judgment of conviction is set aside and defendant ordered discharged.